IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TIFFANY JEAN ARTHUR**                                                     **PLAINTIFF**

**V.**                               **CIVIL ACTION NO: 4:23-CV-232-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs of the parties, the applicable law and having heard and considered oral argument, finds the decision of the Commissioner of Social Security should affirmed.

## FACTS

The plaintiff, Tiffany Jean Arthur, filed for benefits on January 27, 2022, alleging onset of disability commencing on November 18, 2021. The Social Security Administration denied the claim initially and on reconsideration. Her insured status expired on April 31, 2023. Following the hearing, the ALJ issued an unfavorable decision on July 20, 2023. (Dkt. 7 p. 22-32).[1] The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] All references are to the administrative record using the court's numbering system, rather than the administrative numbering.

The ALJ found Arthur had the following severe impairments: asthma, left carpal tunnel syndrome, anxiety, and unspecified depressive disorder. The ALJ found she retained the residual functional capacity (RFC) to perform light work. She can reach overhead occasionally with both upper extremities and frequently reach in all other directions with both arms. She can frequently handle, finger and feel with the bilateral upper extremities. She can occasionally climb ramps, and stairs, but never climb ladders, ropes, or scaffolds. She can never be exposed to hazards such as moving mechanical parts or unprotected heights. She can have occasional exposure to dust, fumes, odors, and other pulmonary irritants. She can have occasional interaction with supervisors, coworkers, and the general public.

The ALJ found she can perform her past relevant work as a personal care attendant. The claimant was thirty-eight years old and is a younger individual. She has a limited education. Based on the testimony of the vocational expert, the ALJ found she could do other jobs that exist in substantial numbers in the national economy, namely, price marker, unskilled light work with 205,000 jobs; sorter, unskilled light work with 161,000 jobs; and inspector hand packager, unskilled light work with 97,000 jobs nationally. The ALJ, therefore, determined that Arthur was not disabled.

## LAW AND STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405 (g.); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Perales*, 402 U.S. at 401 (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); Harrell, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is a conclusive and must be upheld. *Richardson,* 402 U.S. at 390.

## ANALYSIS

In the present case, the plaintiff argues the ALJ failed to properly consider the evidence in the record. Specifically, she argues the ALJ failed to properly consider the limitations to her upper extremities and the impact of her obesity.

Regarding her upper extremities, the plaintiff underwent a right trigger release and right carpal tunnel release with noted improvement. As a result, the ALJ found her right carpal tunnel syndrome was not a severe impairment but found her left carpal tunnel syndrome was severe. Nevertheless, the RFC reflected that the plaintiff could "occasionally reach overhead with the bilateral extremities and frequently reach in all other directions with bilateral upper extremities." In other words, the ALJ provided the same limitations for the right and left upper extremities

despite finding one severe and the other not severe. The plaintiff argues this inconsistency requires reversal, but the court does not agree.

The court finds there is substantial evidence in the record to support these limitations, understanding that the ALJ found a severe impairment in the plaintiff's left upper extremity. In support of the decision, the ALJ looked both to a consultative examiner's report and the reports of the state agency physicians. The ALJ noted the history of left carpal tunnel syndrome and Arthur's reported pain and edema to upper extremities with limited grip (Exhibit 12F). While Arthur exhibited tenderness, she had full range of motion and normal sensation. She had received treatment of cortisone injections. The consultative examiner – Dr. Eason's -- examination found normal range of motion and no joint deformities on examination. Eason assessed only environmental limitations secondary to the claimant's asthma but no upper extremity restrictions. Further supporting the ALJ's left arm RFC, the state agency doctors found Arthur could lift, carry, push and pull fifty pounds occasionally and twenty-five pounds frequently. They found Arthur had normal fine and gross manipulation, normal grip, dexterity and sensation. Because substantial evidence supports these limitations for an impairment the ALJ found to be severe, logic dictates it would support any limitation found for her non-severe impairment described as the same impairment (carpal tunnel syndrome) in the opposing extremity. Accordingly, the court finds the ALJ's decision as to this issue should be affirmed.

Next, the plaintiff argues the ALJ failed to consider her obesity as a severe impairment despite a BMI over 40. The ALJ addressed Arthur's obesity and found that it had no apparent limiting effect on her ability to perform work activities. Dr. Eason's consultative report supports the ALJ's determination. The doctor found Arthur ambulated without difficulty or without the use of an assistive device. She was able to walk on toes and heels, squat and recover, perform

tandem walking, bend over and touch her toes, get up and out of a chair, and get on and off an examination table without difficulty. She showed normal range of motion with no joint deformities, negative straight leg raises, and normal motor strength in all extremities. Accordingly, substantial evidence supports the ALJ decision that obesity was not a severe impairment, and thus, the decision should be affirmed as to this issue.

**IT,THEREFORE, ORDERED** that the decision of the Commissioner is affirmed.

**SO ORDERED AND ADJUDGED** this the 31st day of July, 2024.

/s/ **David A. Sanders**
**U.S. MAGISTRATE JUDGE**